# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BLUEFIELD

**ROBERT C. PROKOP,**

    **Plaintiff**

v.                                    Case No. 1:14-cv-24375

**MERCER COUNTY and**
**STATE OF WEST VIRGINIA,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On August 5, 2014, the plaintiff, who is proceeding *pro se*, filed the instant Complaint (ECF No. 1) and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 2). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. 28 U.S.C. § 1915A. This screening is done prior to consideration of an Application to Proceed without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.

\* \* \*

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

Because the plaintiff's Complaint fails to state a claim upon which relief may be granted under the standards set forth in *Twombly/Iqbal*, the defendants have not been served with process and should not be required to appear or defend this matter.

## **THE PLAINTIFF'S ALLEGATIONS**

The Complaint alleges that, on August 5, 2013, the plaintiff appeared before the Circuit Court of Mercer County for a proceeding related to an extradition matter. According to the Complaint, the Honorable Omar J. Aboulhosn found that the plaintiff had been held in excess of 90 days on a fugitive warrant and that the State had failed to issue a rendition warrant during that time. Thus, Judge Aboulhosn signed a release order for the plaintiff. (ECF No. 1 at 2).

The plaintiff further alleges, however, that before he was released from custody, Mercer County Prosecuting Attorney Kelli Harshbarger presented the same felony complaint and Judge Aboulhosn issued a new fugitive warrant. Thus, the plaintiff was returned to custody at the Southern Regional Jail and extradition proceedings continued. (*Id.* at 3). At the time the Complaint herein was filed, an appeal of the denial of the plaintiff's habeas corpus petition and extradition order was pending in the Supreme Court of Appeals of West Virginia (the "SCAWV"). (*Id.* at 4).

The Complaint summarily alleges that the actions of Kelli Harshbarger and Judge Aboulhosn violated his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution, and that Mercer County and the State of West Virginia are liable for the actions of those agents. The plaintiff seeks monetary damages resulting from each day of his continued incarceration. (*Id.* at 3-5).[1]

## ANALYSIS

There are several reasons that the plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### A. The plaintiff's damages claims are barred by *Heck v. Humphrey*

In *Heck v. Humphrey*, 512 U.S. 477, 786-87 (1994), the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff suing under 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under section 1983. Courts have extended the *Heck* bar to damages claims related to pretrial detention. *See, e.g., Ippolito v. Justice Service Div.*, 562 F. App'x 690 (10th Cir. 2014); *Anderson v. Galveston Cty. Dist. Clerk*, 91 F. App'x 925 (5th Cir. 2004).

---

[1] By separate Order, the undersigned has denied as futile a Motion to Amend Complaint (ECF No. 9) in which the plaintiff sought to add Judge Aboulhosn and Judge Derrick Swope as defendants herein.

4

In the instant case, the plaintiff seeks monetary damages resulting from his alleged improper pre-trial detention. On February 6, 2015, the SCAWV issued a Memorandum Decision in the plaintiff's habeas appeal proceeding. *See Prokop v. Francis*, No. 13-1203, 2015 WL 598196 (W. Va. Feb. 6, 2015). The Memorandum Decision provides the following relevant procedural history:

> On April 22, 2013, petitioner was arraigned in the Magistrate Court of Mercer County, West Virginia on two charges: first, for being a fugitive from justice from criminal charges pending against him in the State of Missouri[2]; second for being a felon in possession of a firearm in violation of West Virginia Code § 61-7-7.
>
> At a May 16, 2013, hearing on those charges, the State told the circuit court that it intended to ask the magistrate court to dismiss the felon in possession of a firearm charge against petitioner. Petitioner then informed the circuit court that he would not waive extradition; petitioner also sought bond. The circuit court denied bond and set a hearing on the extradition proceeding for June 12, 2013. At that hearing, the circuit court granted the State's motion for a sixty-day extension and scheduled the matter for hearing on August 5, 2013.
>
> On June 6, 2013, an assistant prosecuting attorney for Buchanan County, Missouri, sent Missouri's governor an application for requisition which stated, in part: "[T]he accused was not personally present in [Missouri] at the time of the commission of the crime, and upon information and belief has taken refuge and is currently present in the State of West Virginia." In response the Governor of Missouri signed a requisition demand and agent authorization on July 8, 2013 . . . .
>
> * * *
>
> The extradition coordinator in the Office of the Governor of West Virginia receive the Missouri documents and tendered them along with the Governor of West Virginia's rendition warrant to the Sheriff of Mercer County, West Virginia, by letter dated July 22, 2013.
>
> On August 5, 2013, the Circuit Court of Mercer County dismissed the fugitive proceedings based on its belief that the rendition warrant had not been obtained. The circuit court then ordered that petitioner be released from custody. Petitioner was taken to the sheriff's department and was awaiting his personal belongings from the Southern Regional Jail when the

---

[2] The criminal charges pending against Prokop in Missouri were for criminal non-payment of child support. *See* 2015 WL 508196 at *1-2.

> prosecuting attorney's office learned the extradition warrant had been obtained by the sheriff. Petitioner was forthwith re-arrested and returned to the Southern Regional Jail. Petitioner was officially served with the rendition warrant on August 7, 2013.
>
> * * *
>
> By order entered September 25, 2013, the circuit court concluded that "the extradition papers are in proper form, that there is a criminal charge pending in Missouri, and that petitioner [] is the person named in the extradition documents." The circuit court then denied petitioner's petition for writ of habeas corpus with prejudice and ordered petitioner deliverable to the State of Missouri within ten days. However, on September 27, 2013, the circuit court granted petitioner's motion for a stay of enforcement and execution of its order pending his appeal to this Court.

*Id.* at *1-2. The SCAWV affirmed the rulings of the Circuit Court. *Id.* at *7. Thus, the plaintiff's imprisonment and criminal proceedings have not been invalidated.

Therefore, because the plaintiff's Complaint seeks damages in a section 1983 suit, and because it appears that his allegations bear on the validity of his criminal proceedings, he may not seek damages under section 1983 unless and until he can show that his conviction and sentence have been invalidated. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint for monetary damages against the defendants is barred under *Heck v. Humphrey.*

    **B.    The State of West Virginia is not a proper party and is entitled to Eleventh Amendment immunity.**

In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that neither a State nor its officials acting in their official capacities are "persons" under § 1983. Furthermore, pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). Thus, the Eleventh Amendment of the United States

6

Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a State or State officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99-100 (1984).

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the State of West Virginia is not a proper party who can be sued under 42 U.S.C. § 1983 and is immune from liability for monetary damages under the Eleventh Amendment.

### C. The Complaint fails to state any plausible claim

As noted above, in *Twombly* and *Iqbal*, the Supreme Court held that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." The plaintiff's Complaint summarily states that his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments were violated by the conduct of the defendants' agents. Such threadbare and conclusory statements are insufficient to rise above the speculative level. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint does not contain any allegations that could plausibly give rise to an entitlement to relief.

## **RECOMMENDATION**

The Complaint states no more than conclusory allegations that cannot withstand scrutiny under *Twombly* and *Iqbal*, *supra.*, and assert claims for monetary damages from a defendant who is immune therefrom. Furthermore, as noted above, the plaintiff is not entitled to pursue a claim for damages, unless and until his criminal proceedings have been reversed or otherwise called into question. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a claim upon which relief can be granted. It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's Complaint (ECF No. 1), pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B) and 1915A, and **DENY** the plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 2), with a waiver of the applicable filing fee.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

September 19, 2016

Dwane L. Tinsley
United States Magistrate Judge